UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-cv-039-FDW-DCK

RAY KIFER, JR.,

       Plaintiff,

v.

DAVID SCOTT BURROUGHS, et al.,

       Defendants.

**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

COMES NOW Defendant David Scott Burroughs, and answering the Complaint on file herein for himself alone and no other Defendant, admits, denies and alleges as follows:

1. Defendant admits the allegations contained in paragraphs 7, 13-14, 16, 26, and 80-81.

2. Answering the allegations contained in paragraph 3, Defendant admits only that he wanted to get back with Vang for the first few weeks after their breakup. Except as so admitted, Defendant denies each and every allegation contained in said paragraph and the whole thereof.

3. Answering the allegations contained in paragraph 5, Defendant admits only that the charges are stated correctly. Except as so admitted, Defendant denies each and every allegation contained in said paragraph and the whole thereof.

4. Answering the allegations contained in paragraph 18, Defendant admits only that the breakup occurred in early 2018. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph.

5. Answering the allegations contained in paragraph 19, Defendant denies that he lived 20 minutes away from Vang's residence. Except as so admitted, Defendant lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph.

6. Answering the allegations contained in paragraph 20, Defendant admits stopping his patrol car outside of Vang's parents' residence. Except as so admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph.

7. Answering the allegations contained in paragraph 21, Defendant admits only that Vang approached him on foot and that Plaintiff arrived while he and Vang were talking to each other. Except as so admitted, Defendant denies each and every allegation contained in said paragraph and the whole thereof.

8. Answering the allegations contained in paragraph 22, Defendant admits only that he pulled into Vang's driveway and walked towards her front door later that evening, but then left without knocking on the door or speaking to anyone. Except as so admitted, Defendant denies each and every allegation contained in said paragraph and the whole thereof.

9. Answering the allegations contained in paragraph 32, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation about the traffic stop being pretextual, but he expressly denies there was any plan to frame Plaintiff.

10. Answering the allegations contained in paragraph 75, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation about what others said, but he expressly denies that he set Plaintiff up.

11. Answering the allegations contained in paragraph 79, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation about what Plaintiff was told by an SBI agent, but he expressly denies having a plan to plant drugs in Plaintiff's car.

12. Answering the allegations contained in paragraphs 6, 15, 19, 24-25, 27-31, 33-37, 39-74, 76-79, and 82, Defendant lacks sufficient knowledge or information to form a belief as to the truth of said allegations.

13. Answering the allegations contained in paragraphs 1-2, 4, 23, 38, 83-113, 125-134, and 146-151, Defendant denies each and every allegation contained in said paragraphs and the whole thereof.

## FIRST AFFIRMATIVE DEFENSE

14. The federal claims against Defendant are barred by qualified immunity.

## SECOND AFFIRMATIVE DEFENSE

15. The state law claims against Defendant are barred by public official immunity.

WHEREFORE, Defendant prays for the following relief:

1. That Plaintiff take nothing by way of his Complaint;

2. That Defendant recover his costs of suit;

3. That Defendant receive trial by jury; and

4. For such other relief that the Court may deem just and proper.

Dated: February 24, 2021

s/Scott D. MacLatchie
Scott D. MacLatchie
North Carolina Bar No. 22824
Hall Booth Smith, P.C.
11215 North Community House Road
Suite 750
Charlotte, North Carolina 28277
Telephone No. (980) 949-7820
smaclatchie@hallboothsmith.com
*Attorney for Defendant David Scott Burroughs*