IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-039-DCK

| | |
|---|---|
| RAY KIFER, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID SCOTT BURROUGHS, DAVID )<br>SPENCER, JIMMY WILLIAMS, KYLE )<br>BEAM, JOSH BEAM, and UNKNOWN )<br>FEDERAL AGENT, )<br>)<br>Defendants. )<br>) | **PROTECTIVE ORDER** |

Plaintiff and Defendants, David Scott Burroughs, David Spencer, Kyle Beam, Josh Beam, and Jimmy Williams, by and through their undersigned counsel, request and stipulate to the entry of this protective order governing the release and use of all records of the State Bureau of Investigation relating to the David Scott Burroughs matter.

Counsel for Plaintiff and Defendants further stipulate and agree to the following:

1. Both Plaintiff and Defendants sought SBI investigative records from the North Carolina State Bureau of Investigation to assist in the discovery process in this case.

2. The SBI investigative records are relevant materials that are critical to the expeditious resolution of this case.

3. The SBI will not release its investigative records without a court order.

4. Except as may otherwise be provided by further order of the Court, all materials within the SBI file shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in

Paragraph 5.

5. Access to and the use of any documents, or any part thereof, designated as part of the SBI file shall be limited to:

    a. the Court;

    b. the parties and attorneys of record for the parties;

    c. court-appointed mediators;

    d. consultants and technical experts involved in the preparation of this action;

    e. court reporters, their transcribers, assistants, and employees;

    f. any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness as an exhibit confidential documents in order to elicit testimony relevant to the matters at issue in this case; and

    g. the jury.

6. Counsel may make copies of the SBI file materials for Plaintiff or Defense experts upon receiving from said experts a written agreement in substantially the form as Exhibit A hereto, that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of the Plaintiff or Defense experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiff or Defense counsel. By signing the declaration agreeing to be bound by this Protective Order, each Plaintiff or Defense expert submits himself or herself to the jurisdiction of this Court for purposes of

enforcement of this Protective Order.

7. Individuals who are permitted access to the SBI materials pursuant to Paragraph 5 are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, of any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order.

8. Any document designated part of the SBI file and filed with the Court, and any brief referring to such document shall be filed under seal and shall be made available only to Plaintiff, Defendants, and/or persons authorized by the terms of this Protective Order to have access thereto. The party filing any such document shall be responsible for designating to the Clerk that it is subject to this Protective Order and is to be kept under seal. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying:

   (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;

   (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

   (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

(d) the reasons why alternatives to sealing are inadequate; and,

(e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. Said party shall also serve a copy of said motion upon legal counsel for the SBI.

9. At the conclusion of this litigation, each document produced by the SBI and subject to this Protective Order shall be destroyed or returned to Counsel for the SBI for destruction.

**IT IS, THEREFORE, ORDERED** that counsel for the State Bureau of Investigation produce a copy of SBI File ##2018-00697 to the parties of record listed below.

**SO ORDERED**.

Signed: October 5, 2021

David C. Keesler
United States Magistrate Judge

**AGREED TO BY:**

/s/ Sonya Pfeiffer
Sonya Pfeiffer, NCBN: 37300
David S. Rudolf, NCBN: 8587
RUDOLF WIDENHOUSE
225 East Worthington Avenue
Suite 100
Charlotte, NC 28203
Telephone: (704) 333-9945
Fax: (704) 335-0224
spfeiffer@rudolfwidenhouse.com
*Attorneys for Plaintiffs*

/s/ Sean Perrin
Sean Perrin
Womble Bond Dickinson
One Wells Fargo Center
Suite 3500
301 South College Street
Charlotte, NC 28202-6037
Telephone: 704-331-4992
Sean.Perrin@wbd-us.com
*Attorney for Defendants
Beam, Beam and Williams*

/s/ Scott D. MacLatchie
Scott D. MacLatchie
North Carolina Bar No. 22824
Hall Booth Smith, P.C.
11215 North Community House Road
Suite 750
Charlotte, North Carolina 28277
Telephone No. (980) 949-7820
smaclatchie@hallboothsmith.com
*Attorney for Defendant David Scott Burroughs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-039-DCK**

| | |
|---|---|
| **RAY KIFER, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **EXHIBIT A** |
| ) | |
| **DAVID SCOTT BURROUGHS, DAVID SPENCER, JIMMY WILLIAMS, KYLE BEAM, JOSH BEAM, and UNKNOWN FEDERAL AGENT,** ) | |
| ) | |
| **Defendants.** ) | |

    I have read and am familiar with the terms of the Protective Order governing the disclosure of confidential information regarding the North Carolina State Bureau of Investigation in the case of <u>Ray Kifer, Jr v. Burroughs, et al.</u>, Case No. 3:21-CV-039-DCK. I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information or documents disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for purposes of this litigation. I also agree to return to counsel of record no later than 60 days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order or disclosed to me pursuant to the Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order). I further agree to submit myself to the jurisdiction of the foregoing court, including its contempt power, for enforcement of said Order.

_____
Signature                                                                                                                       (Date)