# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:21-CV-039-DCK

| | |
|---|---|
| RAY KIFER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DAVID SCOTT BURROUGHS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Re-Open Discovery Or, In the Alternative, Leave To Supplement Plaintiff's Brief In Opposition To Defendants' Motion For Summary Judgment" (Document No. 60). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and the motion is ripe for disposition. Having carefully considered the motion and the record, the undersigned will grant the motion.

## BACKGROUND

Plaintiff Ray Kifer, Jr. ("Plaintiff" or "Kifer") initiated this action with the filing of a "Complaint" on January 26, 2021. (Document No. 1). The Complaint alleges that "Ex-Anson County Sheriff Deputy David Scott Burroughs ("Burroughs") wielded his authority as a sworn law enforcement officer to fabricate a crime and frame Ray Kifer, Jr. . . . for a felony drug offense that he did not commit." (Document No. 1, p. 1). Plaintiff further alleges that other Anson County deputies, including David Spencer ("Spencer"), Kyle Beam ("K. Beam"), Josh Beam ("J. Beam"), and Jimmy Williams ("Williams") assisted Burroughs with his scheme. (Document No. 1, pp. 2-4).

On March 19, 2021, the parties filed a "Joint Stipulation of Consent to Exercise Jurisdiction by a United States Magistrate Judge" (Document No. 12) and a "Certification And Report Of F.R.C.P. 26(f) Conference And Proposed Discovery Plan" (Document No. 13). The Court promptly issued a "Case Management Order" (Document No. 15).

Plaintiff's "First Amended Complaint" (Document No. 36) was filed on October 4, 2022. The Amended Complaint added Defendants Anson County and Landric Reid ("Reid"), who was the Sheriff of Anson County at all times relevant to the Complaint. (Document No. 36, pp. 3-4). The Amended Complaint asserts claims for: (1) fabrication of evidence / denial of due process in violation of the 14th Amendment; (2) unlawful stop and search in violation of the 4th and 14th Amendments; (3) unlawful arrest in violation of the 4th and 14th Amendments; (4) failure to intervene; (5) <u>Monell</u> liability against Anson County; (6) false arrest (State common law); (7) negligence/gross negligence/recklessness (State common law); (8) intentional/reckless infliction of emotional distress (State common law); (9) punitive damages. (Document No. 36, pp. 29-46).

Following Reid's death, Plaintiff filed a "Consent Motion To Substitute Party" (Document No. 45) that substituted Harry B. Crow, Jr., in his capacity as Administrator of the Estate of Landric Reid, for Reid.

"Anson County, Estate of Landric Reid, David Spencer, Kyle Beam, Josh Beam And Jimmy Williams' Motion For Summary Judgment" (Document No. 51) was filed on January 10, 2023. The motion for summary judgment has been fully briefed. <u>See</u> (Document Nos. 52, 57, 58). This matter is currently scheduled for trial on August 28, 2023. (Document No. 59).

Also pending before the Court is "Plaintiff's Motion To Re-Open Discovery Or, In the Alternative, Leave To Supplement Plaintiff's Brief In Opposition To Defendants' Motion For Summary Judgment" (Document No. 60) filed on May 16, 2023. The motion to reopen discovery

has been fully briefed, and is ripe for review and disposition.  See (Document Nos. 61, 62, 63, and 64).

## DISCUSSION

By the instant motion, Plaintiff seeks to reopen discovery "for the limited purpose of deposing Defendant David Burroughs." (Document No. 60, p. 1) (citing Fed.R.Civ.P. 16 (b)(4) (a scheduling order "may be modified only for good cause with the judge's consent").  Plaintiff notes that Burroughs has been facing criminal charges "significantly related to the claims in this civil case." Id.  As such, in response to previous attempts to depose Burroughs, his counsel had indicated that "Burroughs would invoke his 5th Amendment Rights in a civil deposition." (Document No. 60, p. 2).  Plaintiff contends the parties agreed to hold Burroughs deposition until after his criminal matter was resolved.  Id. (citing Document No. 60-1).

Defendant Burroughs' criminal trial in Anson County Superior Court concluded on May 12, 2023, when the jury delivered a guilty verdict for two charges:  felony Obstructing Justice and felony Possession of Heroin.  Id. (citing Document No. 60-2).  After the verdict, "Burroughs waived his right to a jury determination and admitted the existence of two aggravating factors" including "(1) *the defendant induced others to participate in the commission of the offense*, and (9) the defendant held public elected or appointed office or public employment at the time of the offense and the offense directly related to the conduct of the office or employment." (Document No. 60, p. 2) (citing Document No. 60-3).  "The trial judge then found the existence of those aggravating factors."  Id. (citing Document No. 60-4)

In addition, Plaintiff notes that upon leaving the Anson County courtroom Burroughs spoke to reporters, and when asked about his former colleagues who testified against him and waited to

hear the verdict, Burroughs stated: "I think they're here for a free show," and "*They want to be able to say they got away with it*." Id. (citing Document No. 60-5).

Plaintiff contends that the verdict against Burroughs, his admission of the aggravating factors, and his comments to the news media, are all new evidence that is plainly relevant to Plaintiff's claims against Burroughs' co-Defendants. (Document No. 60, pp. 2-3).

Plaintiff goes on to argue that he has satisfied the good cause requirement of Rule 16. (Document No. 61, pp. 2-3). Plaintiff asserts that the primary consideration for determining good cause relates to the movant's diligence. Id. (citations omitted). Plaintiff argues that he has exercised diligence during the discovery process. (Document No. 61, p. 3). In addition, Plaintiff suggests that Burroughs should now be able to sit for a deposition because he "is no longer in criminal jeopardy." (Document No. 61, p. 5).

Based on the foregoing, Plaintiff seeks leave to depose Burroughs, or in the alternative, to supplement his brief in opposition to Defendant's motion for summary judgment. (Document Nos. 60 and 61).

The "Opposition Of Defendant Burroughs…." (Document No. 62) argues that Burroughs is still in legal jeopardy and will not testify in this civil case. "Because Burroughs is still subject to federal criminal indictment for the same conduct, he will continue to stand upon his Fifth Amendment right against compelled self-incrimination and refuse to testify in this civil case." (Document No. 62, p. 1) (citations omitted). In conclusion, Burroughs requests that the motion to reopen discovery be denied; Burroughs does not address the alternative request for supplemental briefing. (Document No. 62, p. 2).

Defendants Spencer, K. Beam, J. Beam, Williams, Estate of Reid, and Anson County also filed a response to "Plaintiff's Motion To Re-Open Discovery…." See (Document No. 63).

Burrough's co-Defendants "do not dispute that both sides have been diligent in conducting discovery" but argue that Plaintiff must also demonstrate "how reopening discovery would have any bearing on summary judgment." (Document No. 63, p. 1) (citations omitted). Defendants argue that reopening discovery to depose Burroughs would not impact the pending summary judgment motion. (Document No. 63, pp. 2-3) (citations omitted).

Burroughs' co-Defendants agree that the motion should be denied, but also decline to address the alternative request for supplemental briefing.

In reply, Plaintiff addresses both opposition briefs. (Document No. 64). First, Plaintiff argues that the statute of limitations has expired for a potential federal criminal indictment. (Document No. 64) (citing 18 U.S.C. 3282(a)). Plaintiff notes that the events that led to Burrough's state conviction occurred in March 2018, and therefore, in June 2023, he "is no longer in legal jeopardy as it relates to his conduct in March 2018." (Document No. 64, p. 2).

Plaintiff further argues that even if Burroughs is, or believes he is, in legal jeopardy, he is still required to appear and invoke his Fifth Amendment privilege to individual questions in a deposition. Id. Plaintiff summarizes relevant caselaw as follows:

> It is well-settled that a blanket assertion of the Fifth Amendment during a deposition is impermissible. *United States v. Bowe*, 698 F.2d 560, 566 (2d Cir. 1983) ("[A] blanket assertion" of a Fifth Amendment privilege is insufficient); *United States v. Bates*, 552 F.3d 472 (6th Cir. 2009) (finding that long standing rule that a blanket assertion is insufficient); *United States v. Schmidt*, 816 F.2d 1477, 1482 (10th Cir. 1987); *United States v. Thornton*, 733 F.2d 121, 125-26 (D.C. Cir. 1984); *United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir. 1996); *United States v. Goodwin*, 625 F.3d 693, 701 (5th Cir. 1980); *General Dynamics Corp. v. Selb Manufacturing Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). And even when the privilege is invoked in response to an individual question, the propriety of the Fifth Amendment assertion depends on whether the witness can make a showing of a realistic possibility that his answer will be used against him. *Zicarelli v. New Jersey State Commission of Investigation*, 406 U.S. 472, 478 (1972).

(Document No. 64, pp. 2-3).

Next, Plaintiff contends that the cases relied on by Defendants Spencer, Beam, Beam, and Williams are inapplicable. (Document No. 64, p. 30. Contrary to Defendants' position, Plaintiff argues that it is appropriate to reopen discovery – and related to the summary judgment motion – to get Defendant Burroughs testimony regarding his stipulation that he "induced others to participate in the commission of an offense." Id. Moreover, Plaintiff re-asserts that Burroughs' statements to the news media also support the request for Burroughs' deposition testimony.

The undersigned finds Plaintiff's arguments most persuasive. In short, Defendant Burroughs is the figure in the allegations in this lawsuit, and Plaintiff should have an opportunity to depose him. As explained above, there appears to have been good reason to delay that deposition until after the criminal proceedings in Anson County, but now that the state court action has concluded, and this matter is moving toward a decision on a dispositive motion and perhaps trial, it is appropriate for discovery to be re-opened for this limited purpose.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Re-Open Discovery Or, In the Alternative, Leave To Supplement Plaintiff's Brief In Opposition To Defendants' Motion For Summary Judgment" (Document No. 60) is **GRANTED**. Defendant David Scott Burroughs shall be deposed by Plaintiff's counsel on or before **July 7, 2023**.

**IT IS FURTHER ORDERED** that Plaintiff may file a supplemental brief, of **ten (10) pages or less**, in opposition to Defendants "…Motion For Summary Judgment" (Document No. 51) within **ten (10) days** of Defendant Burroughs' deposition; Defendants may file a response to Plaintiff's supplemental brief, of **ten (10) pages or less**, within **seven (7) days** of Plaintiff's filing.

**IT IS FURTHER ORDERED** that counsel for the parties shall appear for a Status and Motions Hearing on **August 3, 2023**, at 10:00 am in Courtroom 1A of the Charles R. Jonas Federal Building.

**SO ORDERED**.

Signed: June 7, 2023

David C. Keesler
United States Magistrate Judge