IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:21-CV-00039-DCK

| | |
|---|---|
| RAY KIFER JR.<br><br>  Plaintiff,<br><br>v.<br><br>SCOTT HOWELL, in his official capacity as Acting Sheriff of Anson County, HARRY B. CROW, JR., as Administrator of the Estate of SHERIFF LANDRIC REID, in his individual capacity, DAVID SCOTT BURROUGHS, in his individual capacity, DAVID SPENCER in his individual capacity, KYLE BEAM in his individual capacity, JOSH BEAM in his individual capacity, and JIMMY WILLIAMS in his individual capacity,<br><br>  Defendants. | **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND** |

## INTRODUCTION

The United States Supreme Court has made abundantly clear that leave to amend a pleading should be denied **only** when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). None of these exceptions apply in this case. Defendants know this.

In his Memorandum in Support of Plaintiff's Motion for Leave to File Second Amended Complaint, Plaintiff fully briefed the good cause standard required under Rule 16(b) and Rule 15's principles governing motions to amend pleadings. ECF No. 79. It is plain that he has acted without delay and in good faith – in the wake of this Court's legal ruling on an unsettled issue – and that this proposed amendment will not prejudice Defendants. The only marginally reasonable argument raised by Defendants is whether the

1

amendment is futile given that the Court did not explicitly resolve all issues related to the *Monell* claim that Defendants raised in their Motion for Summary Judgment. To the extent explicit resolution is needed, this honorable Court can rule on those issues now.

## LEGAL ARGUMENT

### I.  Defendants Will Not Be Prejudiced by this Amendment

During the hearing on summary judgment held on August 3, 2023, when it appeared the Court had concerns about whether the named Defendant should technically be "Anson County," pursuant to the *Wilkinson* opinion, or the "Anson County Sheriff's Department," as Defendants had unsuccessfully argued in response to Plaintiff's first Motion to Amend the Complaint, Plaintiff asked the court to allow him to amend his Complaint should the Court rule the appropriate party to be named in his *Monell* claim was the Sheriff, rather than Anson County. The Court did not directly address the issue of amendment in its August 10, 2023 Order, so Plaintiff asks the Court to address that issue now. Plaintiff's Amended Complaint does *nothing* other than change "Anson County" to "Anson County Sheriff Scott Howell in his official capacity" consistent with this Court's ruling.[1]

In a flailing attempt to oppose what is in reality a technical amendment that controls out of which County pocket any damages will be paid, Defendants claim they will be prejudiced because "[i]f the Court grants Plaintiff's motion to amend . . . they would be forced to refile their summary judgment [motion] (sic) on the two grounds not ruled upon

---

[1] Plaintiff attaches to this Reply a revised Proposed Complaint, both in redline and clean format, as **Exhibits A and B**, respectively, correcting the caption to reflect the current Sheriff Scott Howell. Plaintiff recognized the error in his initial Proposed Second Amendment Complaint after further study of this Court's Order and review of the docket in this case, which reflected that Plaintiff had not substituted a party for Defendant Sheriff Reid in his official capacity. Plaintiff filed a consent motion on July 10, 2024, to substitute current Sheriff Scott Howell in his official capacity even as litigation continues over who will ultimately be named Sheriff in Anson County. ECF No. 90. This Court granted the motion on July 11, 2024. ECF No. 91.

by the Court." ECF No. 83, p 9. This is just silly.

The parties have fully briefed the Defendants' alternative arguments that "the claim was barred by the statute of limitations" and that "Plaintiff did not demonstrate widespread misconduct sufficient to invoke Monell liability," *Id.*, and this Court held a fulsome hearing on these same issues. Should the Court allow this motion to amend to substitute "Anson County Sheriff Scott Howell in his official capacity" for "Anson County," the Court can rule now on the two other issues to the extent it has not ruled already.[2] Indeed, if the Court finds that either of the other grounds previously raised by Defendants have merit, which Plaintiff continues to vigorously dispute, the Court can deny the motion to amend as futile.

The bottom line is that the technical amendment proposed by the Plaintiff will not require any additional briefing. Thus, the Defendants' argument that they will be prejudiced is meritless.

## II. Plaintiff Has Demonstrated Good Cause for his Motion to Amend at this Stage of the Proceedings

Defendants raise a red herring by claiming that Plaintiff "has not demonstrated good cause to modify the scheduling order" under Rule 16 of the Federal Rules of Civil Procedure. ECF No. 83., p. 1. At bottom, Rule 15 of the Federal Rules of Procedure controls whether this motion to amend the complaint now should be allowed.

The motion to amend itself sets out the good cause required under Rule 16. ECF No. 78. This Court allowed Plaintiff to amend the original complaint to add "Anson County" as a party defendant *over Defendants' objection.* ECF No. 35. The Plaintiff relied in good faith upon this ruling, which was based upon previous decisions in the Western District of

---

[2] See the first paragraph of Section IV discussing this Court's reasoning addressing the merits of the *Monell* claim.

3

North Carolina, in believing he had named the correct party. Had the Court ruled otherwise, Plaintiff would have immediately filed a corrected Motion to Amend naming the Anson County Sheriff as the proper defendant.

Rather than trying to "circumvent this Court's ruling on summary judgment," ECF No. 83, p 4, Plaintiff is now simply complying with the law as ultimately determined by this Court in its ruling on summary judgment. This is what distinguishes this case from those cited by the Defendants to argue bad faith.

Finally, it is important again to highlight that the procedural history in this matter – with the Court originally allowing Anson County to be named and then later ruling that the Anson County Sheriff was the proper defendant, has made absolutely no difference in how this case has been litigated. Throughout all proceedings, the Defendants have had a full opportunity to conduct discovery on the issue underlying the *Monell* claim. As such, the Defendants cannot claim prejudice now because the amendment frustrates their previous approach to defending this claim. Nothing will have changed. *Contrast Sandcrest Outpatient Services, P.A. v. Cumberland County Hospital Systems, Inc.*, 853 F.2d 1139, 1149 (4th Cir. 1988) ("in formulating their litigation strategy, appellees were justified in concentrating on an immunity defense" that was based on plaintiff's initial complaint that was "based solely on a claim for damages").

### III. The Cases Cited by Defendants are Inapplicable

Plaintiff will briefly address the cases cited by Defendants in their Response to Plaintiff's Motion to Amend, all of which have factually distinguishable procedural histories that supported a determination of bad faith or dilatory conduct.

In *Googerdy v. North Carolina Agricultural and Technical State University*, the Plaintiff *repeatedly* sought to amend while a motion to dismiss was pending. In denying Plaintiff's motion to amend the complaint, the Court noted Plaintiff's *pattern of amending* to respond to motions to dismiss filed by the Defendants. It then declared that it would not "reward *dilatory and neglectful pleading*." 386 F.Supp.2d 618, 624 (M.D.N.C. 2005). Furthermore, the Court highlighted the prejudice to the Defendants because the "addition would *expand Plaintiff's available remedies* for recovery against Defendant *to include injunctive and equitable relief* as well as punitive damages." *Id*. The Court concluded "[u]nder the circumstances, the proposed amendment does far more than "correct a procedural defect in the original complaint." *Id*.

Next, in *Sandcrest Outpatient Services, P.A.,* Plaintiff sought to amend the complaint for a second time after a motion for summary judgment was filed, but before it was ruled upon. 853 F.2d at 1149. In upholding the district court's denial of leave to amend, the Court determined that *Plaintiff was dilatory.* It based that conclusion on its reasoning that Plaintiff was attempting to "*add a request for an additional remedy" of injunctive relief* "that appellant was or should have been aware of from the outset." *Id*. In other words, the proposed amendment was based on well-established law of which Plaintiff was on notice. Accordingly, it "appears to have been an afterthought by appellant, possibly prompted only by the concern that it would lose on the summary judgment motion." *Id*.

Finally, in *Walker v. Charlotte – Mecklenburg Schools*, Plaintiff filed an amended complaint after considerable delay. 2009 WL 10728169 at *1 (W.D.N.C. 2009 (unpublished). Defendants then moved to dismiss. "After being given another extension

5

of time to respond, the pro se Plaintiff on July 1, 2009, once again sought leave to 'amend and supplement' in order to assert additional claims" that addressed the arguments in the motion to dismiss. *Id*. In denying the motion for leave to amend, this Court reasoned "Plaintiff has had ample opportunity to assert her constitutional claims earlier but failed to do so *without any justifiable explanation*." *Id*. at *2. The Court held that there was bad faith because the only reason for filing the motion at that juncture was the improper purpose of trying to "circumvent the pending motion to dismiss." *Id*.

Defendants' argument overlooks that a ruling on a motion to amend is a discretionary decision that must examine "equitable considerations." *Witmeyer v. Kilroy,* 788 F.2d 1021, 1024 (4th Cir.1986). A District Court must undertake this analysis, even where the motion for leave to amend is filed after a ruling on a dispositive motion. Such an approach taken in *Coppage v. City of Raleigh*, where the Court allowed an amendment of a complaint after the filing of a Rule 12(b) motion to dismiss. NO. 5:20-CV-00135-M, 2020 WL 5984351 at *1 – 2. (E.D.N.C. October 8, 2020). The Court rejected Defendant's argument that "Plaintiff cannot use a motion to amend to circumvent a motion to dismiss," noting "the cases Defendant cites involve multiple amendments, delay, and prejudice to the defendants." *Id*. at *2.

None of the cases cited by Defendants bear any relevance to the facts and procedural history of this matter. Plaintiff sought leave to amend in a timely manner, with good cause and in good faith, and there is no new claim nor any new remedy sought. Defendants have been on notice of the issue since Plaintiff filed his First Amended Complaint in this case.[3] There is no surprise or actual prejudice to Defendants. Both

---

[3] As Plaintiff noted in his Memorandum in Support of Motion to Amend, in its October 3, 2022 Order, this Court ruled "Defendants contend that the proposed amendment is *futile* because . . . (2) *the Monell claim*

equity and the law allowing liberal amendment of pleadings control here, and Plaintiff's Motion to Amend should be granted.

## IV. Plaintiff's Amendment is not Futile

In its August 10, 2023, Order, this Court specifically noted that the discovery in this matter revealed "that Sheriff Reid unilaterally made the decision not to train his subordinates on written Anson County policies that required reporting of official misconduct." ECF No. 74, p. 21. For this reason, the Court determined that the claim should be against Sheriff Reid, not the County, as "this kind of failure to train could be more properly classified *as a personnel failure*, given that Sheriff Reid in essence failed to supervise his deputy sheriffs." *Id.*, p 22.

Despite this analysis and reasoning, Defendants incredulously claim "Plaintiff's theory on *Monell* liability was rejected by this Court." ECF No. 83, p 3. Regardless of the name of the proper Defendant, this Court recognized that Sheriff Reid's training deficiency was the moving force behind the constitutional violation in this matter. That is precisely the type of *Monell* theory recognized by this District as "through the decision of a person with final policy making authority" and "an omission, such as a failure to properly train, that manifests deliberate indifference to the rights of citizens." *Bailey v. Campbell,* 5:22-CV-052-KDB-DSC, 2022 WL 16849126, at *2 (WDNC Nov. 10, 2022). This is no surprise to Defendants, who have fought these facts both in their opposition to Plaintiff's first

---

*is subject to dismissal because Reid is not a policymaker for Anson County."* ECF No. 35, p 2. "The undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, *or futility* to support the denial of the instant motion." *Id.*

7

motion to amend ECF No. 31 and in their memorandum in support of their motion for summary judgment – albeit with an incorrect view of the nature of the claim. ECF No. 52.[4]

Plaintiff's current motion to amend follows this Court's explication of what it believed to be the law regarding who to name pursuant to a well-established theory of *Monell* liability. As such, this is a viable amendment that would survive any futility analysis.

## CONCLUSION

Consistent with the liberal policy of allowing amendments to complaints, this Court should exercise its discretion and allow Plaintiff's Motion for Leave to File Second Amended Complaint and deny Defendants' Motion for Summary Judgment based upon the fully briefed arguments left explicitly unaddressed in this Courts' August 10, 2023, ruling.

This the 12th day of July, 2024.

                                                     s/ Sonya Pfeiffer
                                                     Sonya Pfeiffer, NC Bar No.: 37300
                                                     Joseph P. Lattimore, NC Bar No.: 46910
                                                     David S. Rudolf, NC Bar No.: 8578
                                                     **PFEIFFER RUDOLF**
                                                     225 East Worthington Avenue, Suite 100
                                                     Charlotte, NC 28203
                                                     Telephone: (704) 333-9945
                                                     Fax: (704) 335-0224
                                                     spf@pr-lawfirm.com
                                                     jpl@pr-lawfirm.com
                                                     dsr@pr-lawfirm.com
                                                     *Attorneys for Plaintiff*

---

[4] The Defendants argued "there is no evidence in the record to support a known history of persistent and widespread constitutional deprivations on the part of Sheriff's employees from which to infer a policy or custom of the Sheriff's office." ECF No. 52, p 3 (citation omitted). The failure to train theory advanced by Plaintiff, and recognized by this Court, does not require such a showing. Indeed, the United States Supreme Court has made clear that municipal liability may be premised on a single incident or violation of constitutional rights. *See Bd. Of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 409 (1997)("In *Canton*, we did not foreclose the possibility that evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for a such a violation, could trigger municipal liability").

## **CERTIFICATE OF SERVICE**

  I hereby certify that I served the foregoing by electronic filing, with the United States District Court for the Western District of North Carolina on the 12th day of July, 2024, by using the CM/ECF system which will serve all counsel of record.


           s/ Sonya Pfeiffer
           Sonya Pfeiffer