IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-039-DCK

| RAY KIFER, JR., | ) | |
| --- | --- | --- |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| DAVID SCOTT BURROUGHS, et al., | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Dismiss Defendant David Burroughs" (Document No. 106) filed January 17, 2025. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for disposition. Having carefully considered the motion and the record, the undersigned will grant the motion.

By the pending motion, Plaintiff seeks to dismiss Defendant David Burroughs ("Burroughs") pursuant to Fed.R.Civ.P. 41(a)(2). (Document No. 106). "Counsel for David Burroughs stipulates to the voluntary dismissal of Burroughs." (Document No. 106, p. 1). Defendants David Spencer, Kyle Beam, Josh Beam, Jimmy Williams, Scott Howell in his official capacity, and the Estate of Landric Reid ("Remaining Defendants") filed a "…Response To Plaintiff's Motion To Dismiss" (Document No. 109) on February 3, 2025; and "Plaintiff's Reply…" (Document No. 112) was filed on February 7, 2025.

The undersigned heard arguments on the pending motion from counsel for all parties at a Motions Hearing on February 24, 2025.

## STANDARD OF REVIEW

Rule 41 provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2); see also Cone v. W. Virginia Pulp & Paper Co., 330 U.S. 212, 217 (1947).

> "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir.1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." S.A. Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir.1986).

Flath v. Bombardier, Inc., 217 F.3d 838 (4th Cir. 2000); see also Gross v. Spies, 133 F.3d 914, 1998 WL 8006, at *5 (4th Cir. 1998) ("As a general rule, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant.") and Klyman v. McInturff, 5:10-CV-176-RLV-DSC, 2011 WL 43994319 (W.D.N.C. Sept. 21, 2011).

> The factors a court should consider in ruling on a Rule 41(a)(2) motion are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a dispositive motion is pending. *See Phillips USA, Inc. v. All-flex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996); *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987). These factors are not exclusive, however, and any other relevant factors should be considered by the court depending on the circumstances of the case.

Tingling v. OCAHO, 2023 WL 3221738, at *2 (4th Cir. May 3, 2023).

The undersigned notes that "Courts in this district have approved the dismissal, pursuant to Rule 41, of all claims against one or more defendants even though the entire action is not dismissed." Hesed-El v. Bryson, No. 1:21-CV-305-MR-WCM, 2022 WL 4287975, at *4 (W.D.N.C. July 12, 2022), adopted by, 2022 WL 3370797 (W.D.N.C. Aug. 16, 2022) (citations

2

omitted); see also Ledford v. Bryson City Police Dept., 1:20-CV-169-MR-WCM, 2021 WL 2982315 at *2 (W.D.N.C. Apr. 23, 2021).

## DISCUSSION

Plaintiff argues that Burroughs has stipulated to the dismissal of the claims against him so he will "obviously not be prejudiced," and that the Remaining Defendants "have all prepared to try this case" and "therefore will not be substantially or unfairly prejudiced by the granting of this motion." (Document No. 106-1, p. 3). Plaintiff also asserts that "[i]n light of the criminal conviction of Burroughs, Plaintiff's interest that Burroughs be held appropriately accountable for his conduct has been vindicated, and proceeding against Burroughs civilly will not further vindicate Plaintiff's interests." (Document No. 106-1, p. 2).

Remaining Defendants oppose the motion, but state in their brief and in oral argument that it is unclear whether they have standing to contest Plaintiff's voluntary dismissal of claims against Burroughs. (Document No. 109). The crux of the Remaining Defendants' concise opposition seems to be that without Burroughs in the case "a jury might be inclined to blame the remaining Defendants for actions which are properly attributable to Burroughs." (Document No. 109, p. 3).

In reply, and during oral argument, Plaintiff's counsel notes that "'the creation of a tactical advantage, is insufficient' to meet the standard" for formal legal prejudice. (Document No. 112, p. 3) (citation omitted).

The undersigned finds Plaintiff's arguments most convincing. Dismissal will clearly not prejudice Defendant Burroughs. While the instant motion certainly comes late in this long-pending litigation, the undersigned is not persuaded that the Remaining Defendants will be substantially or unfairly prejudiced. Based on Plaintiff's briefs, relevant legal authority, and the

3

Case 3:21-cv-00039-DCK   Document 118   Filed 02/25/25   Page 3 of 4

oral arguments of counsel at the Motions Hearing, the undersigned finds that Plaintiff's voluntary dismissal of Defendant Burroughs should be allowed.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Dismiss Defendant David Burroughs" (Document No. 106) is **GRANTED**. The claims against Defendant David Burroughs are **DISMISSED**.

**SO ORDERED**.

Signed: February 25, 2025

David C. Keesler
United States Magistrate Judge

4

Case 3:21-cv-00039-DCK    Document 118    Filed 02/25/25    Page 4 of 4